## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PENNY JO MUNAO, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| COUNTRY PREFERRED INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:**

**PLEASE TAKE NOTICE** that defendant, COUNTRY Preferred Insurance Company ("CPIC"), appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby removes to this Court the state-court action described in paragraph 1 below pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, on the grounds that Federal jurisdiction exists under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1441(b) and 1453(b), because: (1) the parties are minimally diverse under 28 U.S.C. § 1332(d)(2)(A) and none of the geography-based exceptions apply under 28 U.S.C. § 1332(d)(4); (2) the number of putative class members exceeds 100, satisfying the requirements of § 1332(d)(5)(B); and (3) the amount in controversy exceeds $5 million.

## THE CLASS ACTION COMPLAINT

1.      The removed case is a purported civil class action electronically submitted on or about July 23, 2020 and accepted for filing on July 24, 2020 in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois entitled "*Penny Jo Munao, individually and on behalf of a class of similarly situated persons v. COUNTRY Preferred Insurance Company*" bearing case number 20-L-000354 on the state court's docket.  *See*, Class Action Complaint, **Exhibit 1**.

2.      This civil action falls under this Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA") and is one that may be removed to this Court by Defendant CPIC in accordance with the provisions of 28 U.S.C. § 1441 *et seq.*.

3.      In the Class Action Complaint, Plaintiff alleges that she purchased a private passenger auto insurance policy from CPIC, which included Collision vehicle damage coverage for her automobile.  *See*, Class Action Complaint, Ex. 1 at ¶ 2.  Plaintiff further alleges that, on July 22, 2018, her "Insured Vehicle was involved in a collision that rendered the vehicle a total loss."  *See*, Class Action Complaint, Ex. 1 at ¶ 55.

4.      Plaintiff alleges that, when she suffered a total loss of her insured vehicle, CPIC failed to pay her "the full amount of the state title and transfer fees involved with the purchase of a replacement vehicle" that she claims she was entitled to receive for her total loss claim under her CPIC insurance policy.  *See*, Class Action Complaint, Ex. 1 at ¶¶ 17-18.

5.      Plaintiff further alleges that "CPIC has systematically underpaid its insureds – including Plaintiff and the other Class members – who have suffered the total loss of their vehicles, by failing to pay the full costs of mandatory state transfer and title fees."  *See*, Class Action Complaint, Ex. 1 at ¶ 20.

2

6.     Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division within which the removed state-court action was pending.  Because the Class Action Complaint was filed and currently is pending in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

7.     As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

> **Exhibit 1:**    Class Action Complaint;
>
> **Exhibit 2:**    New Case Information Sheet;
>
> **Exhibit 3:**    Summons to COUNTRY Preferred Insurance Company;
>
> **Exhibit 4:**    Plaintiff's Motion for Class Certification;
>
> **Exhibit 5:**    Affidavit of Special Process Server; and
>
> **Exhibit 6:**    The docket sheet of the state court action.

8.     Additionally, attached is **Exhibit 7**, an affidavit on behalf of Defendant in support of this Notice of Removal.

9.     Plaintiff served CPIC with the Class Action Complaint on August 5, 2020.  *See*, Ex. 5.

10.     CPIC files this Notice of Removal within 30 days of service as well as within 30 days of its first notice of the Class Action Complaint.  28 U.S.C. § 1446(b); *see also, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (removal period triggered by proper service on defendant).

11. Therefore, this notice of removal is filed within the time period prescribed by 28 U.S.C. § 1446(b), by the procedure prescribed in 28 U.S.C. § 1446, and within the process prescribed by 28 U.S.C. § 1448.

## CAFA JURISDICTION

12. Defendant incorporates the prior paragraphs 1-11, inclusive, as if copied here *in extenso*.

13. Under the Class Action Fairness Act ("CAFA"), federal district courts will have original jurisdiction over any "class action" in which "the matter in controversy exceeds the sum or value of $5,000,000" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**A.** **This is a Class Action.**

14. For purposes of CAFA, the term "class action" "means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15. This is a purported "class action" pursuant to CAFA, in that Plaintiff filed this Class Action Complaint seeking class certification pursuant to 735 ILCS 5/2-801 *et. seq.* (*see*, Class Action Complaint, Ex. 1 at ¶ 65), which is the Illinois Rule of Civil Procedure that authorizes one or more individuals to sue as representative parties on behalf of a purported class. *See*, 735 ILCS 5/2-801. Promptly after filing the Class Action Complaint, and on the same day, Plaintiff filed Plaintiff's Motion for Class Certification. *See*, Ex. 4.

16. Plaintiff seeks to certify the following class:

All persons who insured a vehicle for physical damage coverage under an automobile insurance policy issued by Country Preferred Insurance Company who

4

suffered a total loss of a covered vehicle at any time during the applicable period of limitations prior to the filing of this lawsuit, who were not paid the full amount of the mandatory state fees as part of their total loss claim.

*See*, Class Action Complaint, Ex. 1 at ¶ 65; *see also*, Plaintiff's Motion for Class Certification, Ex. 4, p.1 (defining the same class).

### B. <u>The Proposed Class Exceeds 100 Members.</u>

17. CPIC incorporates the prior paragraphs 1-16, inclusive, as if copied here *in extenso*.

18. There are in excess of 100 proposed class members in the putative class alleged. *See*, 28 U.S.C. § 1332 (d)(5)(B) (to establish federal jurisdiction under CAFA "the numbers of members of all proposed plaintiff classes" must be 100 or greater in the aggregate.)

19. Plaintiff alleges that "the Class consists of more than forty (40) and likely several thousand persons." *See*, Class Action Complaint, Ex. 1, ¶ 67(a).

20. Plaintiff's assertion that the proposed class exceeds the 100 member threshold is alone sufficient to establish this element of CAFA jurisdiction. *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 903 (S.D. Ill. 2010) (accepting plaintiff's allegation that the proposed class exceeds one hundred members as sufficient for purposes of establishing the 100 class membership requirement.); *Phillips v. Wellpoint, Inc*., No. 10-CV-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (accepting complaint's allegation of a class exceeding 20,000 members as sufficient to establish 100 member requirement), *aff'd sub nom. Myrick v. WellPoint, Inc.*, 764 F.3d 662 (7th Cir. 2014).

21. Further, as demonstrated below, the number of persons who fall within the definition of the proposed class exceeds 100 members. *See*, 28 U.S.C. § 1332 (d)(5)(B), and 28 U.S.C. § 1332 (d)(1)(D) (defining "class members" to mean "the persons (named or unnamed) who fall within the definition of the proposed or certified class").

22.     First, Plaintiff's proposed class contains no limitation on geographic scope. Instead, as an initial matter, the proposed class includes: "All persons who insured a vehicle for physical damage coverage under an automobile insurance policy issued by Country Preferred Insurance Company…" *See*, Class Action Complaint, Ex. 1, ¶ 65.

23.     In the Class Action Complaint, Plaintiff alleged that CPIC offers auto insurance to customers "in at least seventeen (17) states, including Alabama, Alaska, Arizona, Colorado, Georgia, Illinois, Iowa, Kansas, Minnesota, Missouri, Nevada, North Dakota, Oklahoma, Oregon, Tennessee, Washington, and Wisconsin." *See*, Class Action Complaint, Ex. 1 ¶ 26.

24.     CPIC actually sells automobile insurance policies in nineteen (19) states, including: Alabama, Alaska, Arizona, Colorado, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Minnesota, Missouri, Nevada, North Dakota, Oklahoma, Oregon, Tennessee, Washington, and Wisconsin (hereinafter, "CPIC Market States"). *See* Ex. 7, ¶ 7.

25.     Therefore, the proposed class, which is broadly defined to include, at least as an initial matter – "All persons who insured a vehicle for physical damage coverage under an automobile insurance policy issued by Country Preferred Insurance Company" – would necessarily include all purchasers of a CPIC automobile insurance policy in all nineteen CPIC Market States. *See*, Class Action Complaint, Ex. 1, ¶ 65, see Ex. 7, ¶ 8.

26.     Moreover, throughout the Class Action Complaint, Plaintiff confirms that she is seeking a nationwide class. For instance, she notes that "*each of the fifty states* imposes a form of transfer and title fees" and "under the law *in every state*, an insured vehicle cannot be replaced without payment of those applicable state fees." *See*, Class Action Complaint, Ex. 1, ¶¶ 44-45 (*emphasis added*).

27.    In addition, Plaintiff's Class Action Complaint repeatedly refers to and relies upon on laws and regulations of all the states. *See, e.g.* Class Action Complaint, Ex. 1, ¶ 15 (alleging CPIC is responsible to pay state fees for one suffering a total loss in a collision, "either as part of the cost to 'replace' the vehicle, as promised by CPIC, or as a component of ACV, a term that is not defined by CPIC in the Policy, or by virtue of the requirements of the Code and comparable requirements under *other states*' laws and regulations.") (*emphasis added*); Class Action Complaint, Ex. 1, ¶ 8 (alleging, with respect to cost to replace, that state title and transfer fees "are part of the amount necessary to replace the vehicle because they are mandatory costs involved with the purchase of any vehicle in Illinois and many *other states*…") (*emphasis added*); Class Action Complaint, Ex. 1, ¶ 7 (alleging, with respect to ACV, that state title and transfer fees "are part of the ACV because they are mandatory costs involved with the purchase of any replacement vehicle in Illinois and in many *other states.*") (*emphasis added*); Class Action Complaint, Ex. 1, ¶ 48 (alleging, with respect to the laws and regulations by state, that "*at least twenty-eight states* specifically require, through applicable statute or regulation, that insurers pay all mandatory title, registration and license plate fees in connection with a total loss: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Maryland, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New Mexico, Ohio, Oklahoma, Oregon, Rhode Island, Utah, Vermont, Virginia, Washington.") (*emphasis added*).

28.    Further, in Count I of the Class Action Complaint for Breach of Contract, Plaintiff expressly asserts that "[t]he interpretation of all such insurance contracts is governed by common law, and the law of *all of the states* is the same with regard to the interpretation of the contractual provisions at issue in this lawsuit." *See*, Class Action Complaint, Ex. 1, ¶ 75, (*emphasis added*).

7

29.     Second, as to temporal scope, Plaintiff's proposed class definition encompasses all the "applicable period of limitations prior to the filing of this lawsuit."  *See*, Class Action Complaint, Ex. 1, ¶ 65.

30.     The statute of limitations for Plaintiff's Count I – Breach of Contract in each of the nineteen CPIC Market States is as follows:

| CPIC Market State | Breach of Contract Statute of Limitation | Statutory Authority |
|---|---|---|
| Alabama | 6 years | AL ST §6-2-34 |
| Alaska | 3 years | AK ST § 09.10.053 |
| Arizona | 6 years | AZ ST § 12-548 |
| Colorado | 3 years | C.R.S. § 13-80-101 |
| Georgia | 6 years | GA ST § 9-3-24 |
| Idaho | 5 years | I.C. 5-216 |
| Illinois | 10 years | 735 ILCS 5/13-206 |
| Indiana | 10 years | Ind. Code 34-11-2-11 |
| Iowa | 10 years | IA ST §614.1 |
| Kansas | 5 years | KS ST §60-511 |
| Minnesota | 6 years | MN ST § 541.05 |
| Missouri | 10 years | MO ST V516.110 |
| Nevada | 6 years | NV ST § 11.190 |
| North Dakota | 6 years | ND ST § 28-01-16 |
| Oklahoma | 5 years | OK ST T. 12 § 95 |
| Oregon | 6 years | OR ST §12.080 |
| Tennessee | 6 years | TN ST § 28-3-109(a)(3) |
| Washington | 6 years | WA ST §4.16.040 |
| Wisconsin | 3 years | WI ST §893.43(2) |

31.     Though not acknowledged in the Class Action Complaint, Plaintiff's CPIC Policy contains a contractual limitations clause that reads, in relevant part:

> [A]ny suit or action under Section 4 [Physical Damage Insurance, including Coverage D, Comprehensive and Coverage F, Collison] of this policy must be commenced within 12 months of the occurrence of the loss.

*See* Ex. 1, Class Action Complaint, at Exhibit B, at Conditions, Section 4, ¶ 8. Legal Action Against Us.

8

32.     Plaintiff in no way, however, limits the temporal scope of her putative class to the 12-month contractual limitations clause.  If she did, as will be argued by CPIC, the 12 month contract limitations period would bar Plaintiff's own individual claim, as this action, filed on July 24, 2020, seeks additional alleged contractual benefits based upon an occurrence that took place on July 22, 2018.

33.     CPIC anticipates briefing and argument concerning, inter alia, the application of the policy's 12-month contractual limitations period, and therefore, the propriety of this action and/or the proper definition and scope of any purported class.  However, for purposes of removal, the merits of a defense that has not yet been established, including a contractual or statute of limitations defense, should not be considered.  *See, Loss v. Blankenship*, 673 F.2d 942, 950-51 (7th Cir. 1982) ("when the issue of jurisdictional amount is intertwined with the merits of the case, courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of a trial.") (*citing, Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (although state statute of limitations might in fact bar plaintiff from recovering a sum sufficient to trigger the jurisdictional threshold, "this is a factual issue requiring an adjudication on the merits of this case," and the availability of the defense, even if apparent on the face of the complaint, "does not operate to deprive the federal court of jurisdiction")).

34.     Therefore, taken on its face, the temporal scope of the proposed class is necessarily alleged to encompass, at the very least, all claims made by persons insured under a CPIC automobile policy involving a total loss of a covered vehicle at any time during the applicable statute of limitations period for each of CPIC's Market States.

35. The total number of claims made by insured persons involving a total loss of a vehicle covered under a COUNTRY Preferred Insurance Company automobile insurance policy issued to policyholders residing in each of CPIC's Market States and that occurred during the applicable statute of limitations period for each of CPIC's Market States is 82,979. *See*, Ex. 7, ¶ 9. The state-by-state distribution of that 82,979 total, breaks down as follows (*see*, Ex. 7, ¶ 10):

| CPIC Market State | Breach of Contract Statute of Limitation | Statute of Limitations Period | Number of Total Loss Claims |
|---|---|---|---|
| Alabama | 6 years | 7/24/2014-7/24/2020 | 581 |
| Alaska | 3 years | 7/24/2017-7/24/2020 | 465 |
| Arizona | 6 years | 7/24/2014-7/24/2020 | 2,133 |
| Colorado | 3 years | 7/24/2017-7/24/2020 | 1,820 |
| Georgia | 6 years | 7/24/2014-7/24/2020 | 1,376 |
| Idaho | 5 years | 7/24/2015-7/24/2020 | 262 |
| Illinois | 10 years | 7/24/2010-7/24/2020 | 48,722 |
| Indiana | 10 years | 7/24/2010-7/24/2020 | 157 |
| Iowa | 10 years | 7/24/2010-7/24/2020 | 2,276 |
| Kansas | 5 years | 7/24/2015-7/24/2020 | 572 |
| Minnesota | 6 years | 7/24/2014-7/24/2020 | 4,432 |
| Missouri | 10 years | 7/24/2010-7/24/2020 | 3,383 |
| Nevada | 6 years | 7/24/2014-7/24/2020 | 1,298 |
| North Dakota | 6 years | 7/24/2014-7/24/2020 | 1,296 |
| Oklahoma | 5 years | 7/24/2015-7/24/2020 | 1,047 |
| Oregon | 6 years | 7/24/2014-7/24/2020 | 7,493 |
| Tennessee | 6 years | 7/24/2014-7/24/2020 | 204 |
| Washington | 6 years | 7/24/2014-7/24/2020 | 4,551 |
| Wisconsin | 3 years | 7/24/2017-7/24/2020 | 911 |
| | | **Total Number of Claims** | **82,979** |

36. Accordingly, the number of persons who are alleged to fall within the proposed Class is certain to be well in excess of 100 as required by 28 U.S.C. § 1332(d)(5)(B).

**C.    The Amount in Controversy Exceeds $5,000,000.**

37. The amount in controversy here far exceeds the $5,000,000 jurisdictional threshold under CAFA. As will be explained in detail below, there were 82,979 total loss claims in the 19 CPIC Market States during the time period at issue under the applicable statutes of limitation. *See* Ex. 7, ¶ 10. Plaintiff alleges that CPIC underpaid Plaintiff and the putative class members "a

minimum" of $76 each. That minimum, multiplied by 82,979, amounts to over $6.3 million in compensatory damages alone (*see*, Ex. 7, ¶ 11), and those are not the only damages Plaintiff seeks.

38.     Under CAFA, CPIC must also show that the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006), 28 U.S.C. § 1332(d)(2).

39.     The amount in controversy is "whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." *Hart v. Sobering Plough Corp*., 253 F.3d 272, 273 (7th Cir. 2001); *see also, Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) (The amount in controversy is judged as of the date the lawsuit was filed.)

40.     The amount in controversy inquiry concerns what plaintiff is claiming, and not what amount plaintiff is likely to win or whether plaintiff will be awarded everything she seeks. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011).  In removing, Defendant has the burden of demonstrating only that the amount at stake with respect to the claims plaintiff asserts (and thus the amount in controversy between the parties) exceeds the jurisdictional minimum. *Id.* at 829-30.

41.     A removing defendant's burden in demonstrating that the amount at stake exceeds the jurisdictional minimum is merely a "pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 985 (7th Cir. 2008). "A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Id*.

42.     Under CAFA, "the claims of individual class members *shall* be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (emphasis added).  And those "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." §

1332(d)(1)(D); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013).

43.     "When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate." *Back Doctors Ltd.,* 637 F.3d at 830.  Once submitted, "the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Id.*

44.     In establishing the amount in controversy for purposes of removal, the defendant may rely on various factors, which include, but are not limited to, interrogatories, admissions, calculations from the allegations of the Complaint, plaintiff's informal estimates or settlement demands, or defendant's affidavits regarding how much it would cost to satisfy plaintiff's demands. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006).

45.     Estimating the amount in controversy is not an exact science because a removing defendant is somewhat constrained by plaintiff's allegations.  *Abraham v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv- 3028, 2020 U.S. Dist. LEXIS 107522, *13 (N.D. Ill. Mar. 24, 2020).  A removing defendant is entitled to rely to some extent on reasonable estimates, inferences and deductions. *Id.*

46.     Once Defendant "has explained plausibly how the stakes exceed [the jurisdictional minimum], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.  *Spivey*, 528 F.3d at 986; *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 771 (7th Cir. 2014), *see also, e.g., Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 736 (N.D. Ill. 2015) ("The court assumes that it has jurisdiction because Plaintiff's expectation (however realistic it may be) that he could litigate a nationwide class action against Defendants justified the conclusion that the class could recover economic damages in excess of CAFA's $5 million amount-in-controversy threshold.").  With respect to the amount in controversy, dismissal for lack

of jurisdiction is appropriate only if it is "legally certain" that recovery will be less than the jurisdictional minimum. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 347 (7th Cir. 2008).

47.     In calculating the amount in controversy, the Court considers compensatory damages, statutory damages, attorneys' fees incurred to date and punitive damages to the extent recovery is permitted by a statute, and the cost a defendant would incur in complying with injunctive relief. *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011) (courts consider compensatory damages and statutory damages in calculating the amount in controversy); *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 477, 479 (7th Cir. 2011) ("compensatory damages" incurred within the applicable limitations period, as well as "attorneys' fee incurred up to the time of removal could be included in the amount in controversy.")

48.     Plaintiff, on behalf of herself and a nationwide class of those similarly situated, asserts two causes of action, in the alternative – (1) breach of contract and (2) unjust enrichment. *See,* Ex. 1, Class Action Compliant, Counts I-II.

49.     The Class Action Complaint does not specify the exact amount of damages sought. However, it seeks an award of "compensatory damages for Plaintiff and the other Class members against CPIC" "in the *minimum* amount of $76.00" due to CPIC's alleged failure to pay the full amount of "mandatory state fees when making the payment for Plaintiff's total loss Claim." *See*, Class Action Complaint, Ex. 1 ¶ 64, WHEREFORE ¶ C. (*emphasis added*).

50.     Plaintiff further seeks an award of prejudgment interest, post-judgment interest, reasonable attorneys' fees, expenses and litigation costs. *See*, Class Action Complaint, Ex. 1, WHEREFORE ¶¶ E-G.

51.     In arriving at the $76.00, Plaintiff alleges that CPIC "paid Plaintiff and the other

Class members only…'applicable title and licenses transfer fees' of $120.00" when the "total applicable 'title and license transfer fees' for a standard vehicle in Illinois was $196.00", and thus CPIC "underpaid those mandatory fees by $76.00." *See*, Class Action Complaint, Ex. 1 ¶¶ 60, 62, 63.

52.     Accordingly, applying Plaintiff's claimed "minimum" amount of compensatory damages for Plaintiff and each of the other putative class members of $76.00, the $5,000,000 threshold for CAFA jurisdiction would be met with only 65,790 putative class members.

53.     However, as noted above, the number of persons who may be alleged to fall within the proposed class is approximately 82,979. *See*, ¶ 35 above, and Ex. 7 ¶ 10.  Applying Plaintiff's alleged $76.00 *minimum* value for compensatory damages per putative class member, a class of 82,979 would result in a *minimum* amount of $6,306,404 in controversy. Ex. 7 ¶ 11, *see, Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 995 (N.D. Ill. 2017) (in noting CAFA authorizes the aggregation of class members claims to meet the amount in controversy threshold, the Court found that defendant had established the CAFA amount in controversy by using plaintiff's allegations to multiply the minimum number of individuals alleged to be harmed at 25 million by the minimum amount of alleged loss per class member $0.20 each to reach the $5 million threshold.)

54.     In fact, given that there are approximately 82,979 insured persons who meet the class definition, the $5,000,000 threshold would be met if each such putative class member alleged an average of only $60.26 in underpaid fees, which is well under Plaintiff's "minimum" claimed value per claim.  *See*, Ex. 7 ¶ 12.

55.     Aggregating what Plaintiff claims is the minimum amount at stake in compensatory damages for herself and each putative class member, CPIC has plausibly explained how it is legally possible that the amount in controversy for this nationwide class exceeds CAFA's jurisdictional

threshold of $5 million.

56.     While CPIC denies that this case has the value asserted by Plaintiff, or that any of the claims are proper, the amount recoverable on the face of the allegations of the Class Action Complaint exceeds the CAFA jurisdictional threshold for amount in controversy.[1]

57.     Accordingly, the amount in controversy exceeds the CAFA threshold for jurisdiction.

###     D.     There Exists Minimal Diversity Under CAFA

58.     CPIC incorporates the prior paragraphs 1-57, inclusive, as if copied here *in extenso*.

59.     CAFA was intended to substantially expand federal court jurisdiction over class actions.  *Hart*, 457 F.3d at 681.  "Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

60.     Under CAFA's "minimal diversity" standard, CPIC needs only show that "at least one member of the class is a citizen of a state different from any defendant." *Spivey v. Adaptive Mktg., LLC*, 660 F. Supp. 2d 940, 943 (S.D. Ill. 2009), *aff'd*, 622 F.3d 816 (7th Cir. 2010); *see also,* 28 U.S.C. § 1332(d)(2)(A).  CAFA defines "class members," in turn, as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." *See* 28 U.S.C. § 1332(d)(1)(D).

61.     CAFA's jurisdictional rules are those set forth in § 1332(d)(2); the exceptions concern whether the court exercises its jurisdiction and not whether jurisdiction exists.  *Myrick*, 764 F.3d at 665.

---

[1]     CPIC is entitled to rely upon the dollar amounts Plaintiff alleges she seeks when calculating the amount in controversy.  *See Meridian*, 441 F.3d at 541 (relying on complaint allegations is permissible when calculating amount in controversy for removal).

62.     For purposes of diversity jurisdiction, the citizenship of the parties is determined as of the date of filing the complaint.  *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1015 (C.D. Ill. 2007), *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570-71 (2004).

63.     A corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).

64.     In the Class Action Complaint, Plaintiff alleges that CPIC is an "Illinois Property & Casualty Domestic Stock Company with its home office located in Bloomington, Illinois."  *See*, Class Action Complaint, Ex. 1, ¶ 25.

65.     COUNTRY Preferred Insurance Company® was, at the time of filing of this action, and still is a stock insurance company incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois.  COUNTRY Preferred Insurance Company® was not at the time of the filing of this action, and still is not, incorporated under the laws of any other state. COUNTRY Preferred Insurance Company did not at the time of the filing of this action, and still does not, have its principal place of business in any other State.  *See*, Ex. 7 ¶¶ 4-6.

66.     Judging citizenship as of the date of the Class Action Complaint, COUNTRY Preferred Insurance Company is a citizen of Illinois and not a citizen of any other state.

67.     In the Class Action Complaint, Plaintiff alleges that she is a "citizen and resident of Illinois, domiciled in the Village of Burlington, in Kane County."  *See*, Class Action Complaint, Ex. 1 ¶ 24.  Therefore, Plaintiff is a citizen of Illinois for purposes of removal.

68.     However, because Plaintiff's class definition does not limit the scope of the class to any state, the putative class that Plaintiff seeks to represent includes persons in at least the 18 states in addition to Illinois in which CPIC does business.

69.     As noted above, CPIC has issued automobile insurance policies in (18) states in

addition to Illinois, including: Alabama, Alaska, Arizona, Colorado, Georgia, Idaho, Indiana, Iowa, Kansas, Minnesota, Missouri, Nevada, North Dakota, Oklahoma, Oregon, Tennessee, Washington, and Wisconsin. *See*, Ex. 7, ¶ 7.

70.     As noted above, the total number claims made by insured persons involving a total loss of a vehicle covered under a COUNTRY Preferred Insurance Company automobile insurance policy issued to policyholders residing each of the 18 CPIC Market States *other* than Illinois and that occurred during the applicable statute of limitations period is: 34,257. *See*, Ex. 7, ¶ 13.

71.     Because this class includes approximately 34,257 persons who were insured under a CPIC auto insurance policy issued to non-Illinois residents, specifically residents of Alabama, Alaska, Arizona, Colorado, Georgia, Idaho, Indiana, Iowa, Kansas, Minnesota, Missouri, Nevada, North Dakota, Oklahoma, Oregon, Tennessee, Washington, and Wisconsin, upon information and belief, at least one of those 34,257 individuals was, at the time of the filing of this Class Action Complaint, physically present in a State other than Illinois with a long-term plan of habitation in that State other than Illinois. Ex. 7, ¶ 14, *see*, *Myrick,* 764 F.3d at 664 ("Citizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence."); *Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 U.S. Dist. LEXIS 52609, at *6 n.2 (S.D. Ill. July 20, 2007) ("The citizenship of a natural person for purposes of diversity jurisdiction under CAFA is determined by that person's domicile, that is, the place where the person is physically present with the intent to remain there.")

72.     Accordingly, as required by Section 1332(d)(2)(A), at least one member of the putative class is a citizen of a State different from CPIC, and there is minimal diversity. *See, Liston*, 254 F. Supp. 3d at 995 (finding allegations sufficient to support the exercise of CAFA diversity jurisdiction when plaintiff seeks a national class.); *see also, Rosas v. Carnegie Mortg.*

*LLC*, No. CV 11-7692 CAS (CWx), 2012 U.S. Dist. LEXIS 71262, at *14 (C.D. Cal. May 21, 2012) ("Because the complaint alleges a 'nationwide class'...minimal diversity necessarily exists.")

### (1)    The "Home State" Exception Does Not Apply.

73.    Plaintiff bears the burden of establishing that the "home state" exception to CAFA jurisdiction applies. *See, Hart*, 457 F.3d at 680 ("the party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies.)

74.    Under the "home state" exception to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4), "district courts must decline to exercise jurisdiction where two-thirds or more of the members of the proposed plaintiff class and the primary defendants are citizens of the original filing state." *Hart*, 457 F.3d at 679 (citing 28 U.S.C. § 1332(d)(4)(B)).

75.    Here, as explained above, less than two-thirds (66.67%) of the members of the proposed plaintiff class are citizens of Illinois.

76.    Specifically, only approximately 48,722 of the 82,979 (or 58.72%) members of Plaintiff's proposed class are citizens of Illinois. *See*, Ex. 7 ¶ 15.

77.    Therefore, the "home state" exception to CAFA jurisdiction does not apply.

### (2)    The "Local Controversy" Exception Does Not Apply.

78.    Plaintiff also bears the burden of establishing that the "local controversy" exception to CAFA jurisdiction applies. *See, Hart*, 457 F.3d at 680 ("the party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies.")

79.    Under the "local controversy" exception to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4)(A), district courts must decline jurisdiction where each of the following four circumstances are met:

(1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

*Hart*, 457 F.3d at 679 (citing 28 U.S.C. § 1332(d)(4)(A)).

80.     Notably, the first element of the local controversy exception is essentially the same as that of the home-state exception, namely – "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate [must be] citizens of the State in which the action was originally filed." *In re Sprint Nextel Corp.*, 593 F.3d 669, 672 (7th Cir. 2010) (citing 28 U.S.C. § 1332(d)(4)(A)(i)).

81.     Again, as discussed with respect to the home state exception above, because only approximately 58.72% of Plaintiff's proposed class are citizens of Illinois (*see*, ¶ 76 above, and Ex. 7 ¶ 15), the "local controversy" exception to CAFA jurisdiction does not apply.

82.     Additionally, with respect to the fourth element, another class action asserting similar factual allegations was filed against CPIC within the three years preceding the filing of this case.  Specifically, a suit entitled *Monson v. Country Preferred Ins. Co.* involved a plaintiff's class action complaint asserting entitlement to title and registration fees associated with a total loss under C.R.S § 10-4-639(1). *See*, *Monson v. Country Preferred Ins. Co.*, Civil Action No. 17-cv-02130-RBJ, 2018 U.S. Dist. LEXIS 239901 (D. Colo. Sep. 28, 2018) (filed September 5, 2017) and *compare*, Class Action Complaint, Ex. 1 ¶ 48 and FN 9 (including Colorado residents as class members and citing Colorado as one of the states requiring payment of certain fees in connection with a total loss, citing C.R.S § 10-4-639.)

83.     Therefore, the "local controversy" exception to CAFA jurisdiction does not apply.

### (2)    The "Discretionary" Exception Should Not Apply.

84.    Plaintiff also bears the burden of establishing that the "discretionary" exception, 28 U.S.C. 1332(d)(3), to CAFA jurisdiction applies.  *See, Roppo v. Travelers Ins. Co.*, No. 13 C 05569, 2014 U.S. Dist. LEXIS 105092, at *10 and *16 (N.D. Ill. Aug. 1, 2014) (finding plaintiff had not met her burden to establish § 1332(d)(3) applies), *see also*, *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) ("plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when jurisdiction turns on their application.")

85.    Under the discretionary exception found in § 1332(d)(3), "[t]he district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction…over a class action in which greater than one-third but less than two-thirds of the members of all of the proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. 1332(d)(3).

86.    When evaluating the interests of justice, the Court considers the following:

(A)  whether the claims asserted involve matters of national or interstate interest;
(B)  whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
(C)   whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
(D)  whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
(E)  whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
(F)  whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3)(A)-(F).

87.    Here, the factors of § 1332(d)(3) weigh in favor of the Court not applying the discretionary exception and exercising its jurisdiction over this case.

88.     As noted above, Plaintiff asserts a nationwide class that, with respect to CPIC, encompasses 18 CPIC Market States in addition to the State of Illinois.  *See*, ¶¶ 22-30, *supra*.

89.     As Plaintiff makes clear in her Class Action Complaint, the putative class members' entitlement to certain fees in the event of a total loss will be governed by the law of each putative class members' home state.  *See*, ¶¶ 22-31, and Class Action Complaint, Ex. 1 ¶ 48 and FN 9 (specifically citing the State specific statutes in twenty-eight states that would govern a putative class members' entitlement to certain fees in the event of a total loss.)

90.      With respect to § 1332(d)(3)(C), it appears that Plaintiff has deliberately plead her claim in a manner to avoid Federal jurisdiction by forgoing injunctive relief on behalf of the putative class.  *See*, Class Action Complaint, Ex. 1 ¶ 20.

91.     Finally, as noted above, another class action asserting similar claims on behalf of other persons was filed against CPIC in the United States District Court for the District of Colorado within the three-year period preceding the filing of this case.  *See*, ¶ 84, *supra*.

92.     Therefore, the "discretionary" exception to CAFA jurisdiction should not apply.

## PROCEDURAL NOTICE

93.     Promptly after filing this Notice of Removal with this Court, CPIC will give notice of the removal to all adverse parties, and will file a copy of the Notice to Adverse Party of Removal to Federal Court and the Notice of Removal with the Clerk of the Court for the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois to effect the removal of this action to this Court, all in conformity with 28 U.S.C. § 1446(d).

94.     CPIC reserves the right to amend or supplement this Notice of Removal.

## **CONCLUSION**

This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), as amended by the CAFA, because this is a class action where at least one class member is a citizen of a different State from CPIC, in which the matter in controversy exceeds $5,000,000. Further, CPIC properly removed the action within thirty days of August 5, 2020, the date on which it was first served with the Class Action Complaint.

WHEREFORE, Defendant, COUNTRY Preferred Insurance Company, requests that this Court assume full jurisdiction over this action as provided by law.

Dated: September 3, 2020.

Respectfully submitted,

COUNTRY PREFERRED INSURANCE COMPANY

By: /s/ William J. Kelly III
One of the Attorneys for Defendant
COUNTRY Preferred Insurance Company

William J. Kelly III, ARDC No. 6324930
Chanda M. Feldkamp, ARDC No. 6298854
Kelly Law Partners, LLC
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Tel. (720) 236-1800
Email: wkelly@kellylawpartners.com
       cfeldkamp@kellylawpartners.com

Lisa M. Lilly, ARDC No. 6272614
Kelly Law Partners, LLC
332 S. Michigan Avenue, Suite 121-L483
Chicago, IL 60604
Tel. (720) 236-1804
Email: lml@kellylawpartners.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused a copy of the foregoing

document, which was filed using the CM/ECF System, to be sent via U.S. Mail, postage prepaid,

on September 3, 2020 to the following:

> Jeffrey A. Berman
> Patrick J. Solberg
> Anderson + Wanca
> 3701 Algonquin Road, Suite 500
> Rolling Meadows, IL 60008

/s/ William J. Kelly III     