IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENNY JO MUNAO, individually and on behalf of a class of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:20-cv-05235 ) |
| COUNTRY PREFERRED INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**DEFENDANT COUNTRY PREFERRED INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE AFFIDAVIT IN SUPPORT OF SECOND AMENDED NOTICE OF REMOVAL UNDER SEAL FOR *IN CAMERA* REVIEW AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION**

Defendant, COUNTRY Preferred Insurance Company (hereinafter "CPIC"), through the undersigned attorneys, respectfully moves this Honorable Court for leave to file an affidavit in support of its Second Amended Notice of Removal under seal for *in camera* review, and states for its combined Motion and Memorandum in Support as follows:

**Certification of Conferral**

Prior to filing this Motion, counsel for CPIC conferred with Plaintiff's counsel, who does not oppose the relief sought herein.

**INTRODUCTION**

The affidavit CPIC seeks to file under seal for *in camera* review includes confidential information from CPIC's Alaska, Arizona, Nevada, Minnesota, and Oregon policyholders that is protected by the Gramm-Leach-Bliley Act and various state Insurance Information and Privacy Protection statutes. These laws prohibit CPIC from disclosing information that is personally

1

identifiable, provided by policyholders in connection with insurance transactions and/or an insurance claim, and "from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health or any other personal characteristics…." Further, these statutes prohibit CPIC from disclosing information derived using any nonpublic personal information (such as Social Security numbers, dates of birth and driver's license numbers), as is the case here.

Plaintiff filed her Class Action Complaint on or about July 23, 2020 in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, and served CPIC with that Class Action Complaint on August 5, 2020. CPIC filed its Notice of Removal (ECF # 1) on September 3, 2020. On September 11, 2020, this Court issued an Order (ECF # 11) instructing CPIC to file an amended Notice of Removal to identify at least one CPIC policyholder who falls within the definition of the putative class in this matter and who is a citizen of a state other than Illinois. On October 9, 2020, CPIC filed an Amended and Supplemental Notice of Removal (ECF # 12), which included, as Exhibit 9, the affidavit of Jay Herrman (ECF # 12-9).

The affidavit provided domiciliary information regarding five sets of CPIC policyholders (with personal identifying information redacted) who meet the definition of the purported class and have resided for years in a state other than Illinois. On October 14, 2020, this Court issued an Order (ECF # 13) instructing CPIC to file an amended notice of removal that identifies by name at least one diverse member of the purported class by no later than October 28, 2020.

Because the affidavit contains confidential personally identifiable information of CPIC's policyholders, CPIC now seeks leave to file an unredacted version of the affidavit attached as Exhibit 9 to the Amended and Supplemental Notice of Removal (ECF # 12-9) (and reattached hereto for ease of reference) under seal for *in camera* review with the filing of its Second Amended

and Supplemental Notice of Removal due on or before October 28, 2020.

Plaintiff does not oppose the relief sought herein.

## ARGUMENT

### I. Legal Standard

"The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). While litigation in Federal courts is presumptively public, filing under seal is appropriate with respect to trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). "The court may for good cause shown enter an order directing that one or more documents be filed under seal." N.D. Ill. Local Rule 26(b). The decision whether to engage in *in camera* review rests in the sound discretion of the Court. *United States v. Boender*, 719 F. Supp. 2d 951, 960 (N.D. Ill. 2010); *Silets v. FBI*, 591 F. Supp. 490, 496 n.9 (N.D. Ill. 1984).

### II. The Affidavit must be filed under seal for *in camera* review because Federal and State statutes require that CPIC keep confidential its policyholders' names and the other personal information connected to those named policyholders.

CPIC is subject to the Gramm-Leach-Bliley Act ("GLBA"), which bars it from disclosing certain personally identifiable financial information of its policyholders. The GLBA states that, subject to limited exceptions, "a financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with [15 U.S.C. 6803]." 16 U.S.C. § 6802(a). The GLBA defines the term "nonpublic personal information" as:

> personally identifiable financial information—
> **(i)** provided by a consumer to a financial institution;

3

> **(ii)** resulting from any transaction with the consumer or any service performed for the consumer; or
> **(iii)** otherwise obtained by the financial institution.

15 U.S.C. § 6809(4)(A). While the term "nonpublic personal information" does not include publicly available information, it does include information "that is derived using any nonpublic personal information …." 15 U.S.C. § 6809(4)(B)-(C). The GLBA's requirements are specifically incorporated into the law of many States, including, as relevant here: Arizona, Illinois, Nevada, and Oregon.[1]

In addition, Alaska, one of the states where a policyholder whose information is included in the affidavit resides, has adopted the National Association of Insurance Commissioners ("NAIC") Financial Information Regulation Privacy Model Act (*see*, A.S. § 21.36.510). That Act was intended to satisfy the minimum financial information privacy protection standards the GLBA set. The Alaska Administrative Code, at 3 ACC §§ 26.605 to 26.749, sets forth these requirements, which are similar to those found in the GLBA.

Specifically, like the GLBA, under Alaska law, an insurer "may not directly or through an affiliate disclose to a nonaffiliated third party nonpublic personal financial information" unless the consumer fails to opt out after the insurer has provided the required notices (3 AAC § 26.645). Further, the insurer "may not disclose nonpublic personal health information about a consumer" unless it obtains authorization from the consumer (3 AAC § 26.680). Similar to the GLBA, Alaska defines "nonpublic personal financial information" as:

> **(i)** personally identifiable financial information [which "means information a consumer provides to a licensee to obtain an insurance product or service from the licensee, information about a consumer resulting from a transaction between a licensee and a consumer involving an insurance product or service, or information a licensee obtains about a consumer in connection with providing an insurance product or service to the consumer"]; or

---

[1] A.R.S. § 20-2121, 215 ILCS 5/1023.5, NRS § 686A.025, O.R.S. § 746.608.

> **(ii)** a list, description, or other grouping of consumers and publicly available information pertaining to the consumers that is derived using personally identifiable financial information that is not publicly available;

3 AAC § 26.749(19), (22).

Here, the affidavit includes nonpublic personally identifiable financial information policyholders provided to CPIC when they purchased an insurance policy from CPIC and/or tendered an automobile insurance claim to CPIC (*e.g.*, name, address, telephone and drivers' license information, home ownership, payment of premiums, vehicle title and registration information, license plate information, and medical treatment information). While some of this information may individually be available publicly, the combination all of the information included in the affidavit about each set of policyholders would not be available to the general public. In addition, and significantly, that information is only available to CPIC because these policyholders provided it as a result of their protected transactions with CPIC.

The affidavit also includes publicly available information derived by using the nonpublic personal information these policyholders provided to CPIC. For instance, the policyholders' voter registration information was derived by entering nonpublic personal information (*e.g.* social security numbers, dates of birth, driver's license numbers and/or addresses) into public websites.[2]

---

[2] *See*, Alaska Division of Elections - https://myvoterinformation.alaska.gov/ (requiring first and last name, and mailing city); Arizona Secretary of State - https://my.arizona.vote/WhereToVote.aspx?s=individual (requiring last name, date of birth, driver's license number); Minnesota Secretary of State - https://mnvotes.sos.state.mn.us/VoterStatus.aspx (requiring first and last name, date of birth and zip code); Nevada Secretary of State - https://www.nvsos.gov/votersearch/ (requiring first and last name, date of birth, driver's license number, and last 4 digits of social security number); Oregon Secretary of State - https://secure.sos.state.or.us/orestar/vr/showVoterSearch.do (requiring first and last name and date of birth).

The same is true for property ownership and tax information. Because the GBLA requires this information to be kept confidential, it is necessary and appropriate that the affidavit be filed under seal for *in camera* review.

Additionally, Insurance Information and Privacy Protection laws of many States, including as relevant here, Arizona, Illinois, Minnesota, and Oregon, require CPIC to keep confidential "individually identifiable information" gathered in connection with insurance transactions or claims, including its policyholder's name, address, and medical record information, as well as any other "individually identifiable information gathered in connection with an insurance transaction and from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health or any other personal characteristics" and any individually identifiable information that "relates to a claim for insurance benefits."

Those four States, along with many others, have adopted, with minor variations, the NAIC model Insurance Information and Privacy Protection Act ("IIPPA").[3] As to personal automobile insurance, IIPPA as adopted in these States applies to insurers that collect, receive or maintain information in connection with insurance transactions or engage in insurance transactions with residents of the respective States. *See*, A.R.S § 20-2101(A)(2)(a)-(b), 215 ILCS 5/1002 (A)(2), Minn. Stat. § 72A.492, and ORS § 746.610(1)(b). Under each of these State's IIPPA laws, an insurer shall not disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction unless an exception is met. *See*, A.R.S. § 20-2113, 215 ILCS 5/1014, Minn. Stat. § 72A.502, ORS § 746.665. "Personal information" is defined to include:

[A]ny individually identifiable information gathered in connection with an

---

[3] *See*, Arizona - A.R.S. §§ 20-2101 to 20-2120; Illinois - 215 ILCS 5/1001 to 215 ILCS 5/1024; Minnesota - Minn. Stat. § 72A.49 to 72A.505; and Oregon – ORS §746.600 to 746.690.

> insurance transaction and from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health or any other personal characteristics.
>
> [It] includes an individual's name and address and medical [or health] record information…

A.R.S. § 20-2102(19); 215 ILCS 5/1003(T); Minn. Stat. § 72A.491(17); *see also*, ORS § 746.600(31)-(32) (defining "personal information" to include "personal financial information" which is defined similarly to the above). "Privileged information" is defined to include:

> [A]ny individually identifiable information that [1] relates to a claim for insurance benefits or a civil or criminal proceeding involving an individual and [2] is collected in connection with or in reasonable anticipation of a claim for insurance benefits or a civil or criminal proceeding involving an individual…

A.R.S. § 20-2102(22); 215 ILCS 5/1003(W); *see also,* Minn. Stat. § 72A.491(19); and ORS § 746.600(37).

Here, the unredacted version of Exhibit 9 includes information regarding CPIC's Arizona, Minnesota and Oregon policyholders that the statutes require it to keep confidential. That confidential information includes the policyholders' names, addresses, individually identifiable information gathered in the underwriting process from which judgments could be made about these policyholders' finances, credit, character, and personal characteristics (*e.g.*, home ownership, long term residency, payment of premiums, telephone and drivers' license numbers). It also includes individually identifiable information related to a claim for insurance benefits (*e.g*., drivers' license numbers, title and registration information, license plate information, and medical treatment information). Because statutes in these States require this information to be kept confidential, it is necessary and appropriate that the affidavit be filed under seal for *in camera* review.

Notably, at this stage of the proceedings, class counsel only represents the named class representatives. *See*, *Resnick v. ADA*, 95 F.R.D. 372, 376-77 (N.D. Ill. 1982). While disputes about

discovery of unnamed and absent class members may arise through the course of this litigation, the Parties and this Court need not resolve them here. For purposes of this Motion, the Court's interests in establishing jurisdiction under CAFA can be fully protected by allowing the names of these individuals to be submitted only to this Court under seal for *in camera* review. This review will guard the statutorily protected privacy interests of these CPIC policyholders and will not harm Plaintiff.

**WHEREFORE**, for all of the foregoing reasons, Defendant COUNTRY Preferred Insurance Company respectfully requests that this Court grant this Motion for leave to file an unredacted version of the affidavit attached as Exhibit 9 to the Amended and Supplemental Removal (ECF # 12-9) under seal for *in camera* review with the filing of its Second Amended and Supplemental Notice of Removal, due on or before October 28, 2020, and award such other and further relief as this Court deems just and proper.

Dated: October 22, 2020

Respectfully submitted,

COUNTRY PREFERRED INSURANCE COMPANY

By: */s/ William J. Kelly III*
One of the Attorneys for Defendant
COUNTRY Preferred Insurance Company

William J. Kelly III, ARDC No. 6324930
Chanda M. Feldkamp, ARDC No. 6298854
Kelly Law Partners, LLC
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Tel. (720) 236-1800
Email: wkelly@kellylawpartners.com
   cfeldkamp@kellylawpartners.com

Lisa M. Lilly, ARDC No. 6272614
Kelly Law Partners, LLC
332 S. Michigan Avenue, Suite 121-L483
Chicago, IL 60604
Tel. (720) 236-1804
Email: lml@kellylawpartners.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

Jeffrey A. Berman
Patrick J. Solberg
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008

*/s/ William J. Kelly III*
William J. Kelly III